Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANGELINA SOLOMONE, Respond-
ent, for Compensation under the Workmen's Compensation
Law, for the Death of Her Husband, LEONARDO SOLOMONE,
v. DEGNON CONTRACTING COMPANY, Employer and Self-
Insurer.

Third Department, November 18, 1920.

Workmen's Compensation Law — settlement by injured employee
without consent of employer with third person liable for injury —
effect on right of dependents — dependents chargeable with any
money actually coming to their possession from settlement.

The settlement by an injured employee with a third person whose negli-
gence was responsible for the injury without the consent of his employer
does not destroy the claim of his dependents after his death for com-
pensation under the Workmen's Compensation Law.

Section 29 of the statute bestows upon the dependents of a deceased employee
a cause of action independent of any cause of action which existed at
common law or by any other statute. Such cause of action is not derived
from any right or benefit which existed in favor of the injured employee,
but springs into existence as an original right at his death under conditions
making the statute applicable and the employer liable.

Accordingly dependents are not chargeable with any money which was paid
to the deceased by a third person and which they have not received.

The claimant, the widow of deceased, should be charged with the amount
actually received by her from the settlement between her husband and
the third person and the employer given credit therefor.

KILEY, J., dissents in part, with opinion.

APPEAL by the defendant, Degnon Contracting Company,
from an award and order of the State Industrial Commission,
entered in the New York office of said Commission on the
10th day of December, 1919.

*Frederick J. Flynn* [*R. A. Mansfield Hobbs* of counsel], for
the appellant.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy
Attorney-General, and *Bernard L. Shientag*, counsel to State
Industrial Commission, of counsel], for the respondents.

COCHRANE, J.:

The husband of the claimant while in the course of his employment was injured on May 7, 1918, through the negligence of a third party. He recovered a judgment against that party for $30,000 which he settled for $7,500 without the consent of his employer, which consent was required by section 29 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705). Thereafter, and on January 22, 1919, he died, admittedly in consequence of his said injury. His widow makes a claim herein in behalf of herself and her children which claim has been recognized by the Commission and an award made in their behalf against the employer who appeals therefrom.

The settlement of the judgment by the employee did not affect his claim against his employer except as to the amount received on such settlement. (*Matter of Woodward* v. *Conklin & Son, Inc.,* 171 App. Div. 736.) A settlement by the claimant herself with the third party would not affect her claim against the employer, except as to the amount received by her on such settlement. (*Matter of Matta* v. *Dennings Point Brick Works,* 224 N. Y. 596.) It necessarily follows that the settlement by the employee in his lifetime did not destroy the claim of his dependents after his death.

It remains to be considered whether the amount received by the employee on such settlement should be applied against the claim of his dependents. Said section 29 bestows upon them a cause of action independent of any cause of action which existed at common law or by any other statute. Such cause of action is not derived from any right or benefit which existed in favor of the injured employee, but springs into existence as an original right at his death under conditions making the statute applicable and the employer liable. That was substantially held in *Travelers Insurance Co.* v. *Padula Co.* (224 N. Y. 397). It follows that the dependents are not chargeable with what they have not received.

It appears, however, that some of the money paid on the settlement of the judgment is now in the possession of the claimant. Such portion as may have been used or expended by her husband is not to any extent chargeable against her but she should be charged to the extent of the money paid

on the judgment and which she has actually received. This is on the principle of " subrogation to remedies of employees " given by said section 29. The statute makes the employer liable for " the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case." As applied to the widow and children the question is not how much has been actually collected by the employee but how much has been *actually collected* by them. This principle was applied by this court in *Dietz* v. *Solomonwitz* (179 App. Div. 560) and counsel for the Commission concedes that the amount received by the widow herein should be credited to the employer. That has not been done. There is some uncertainty in the record as to the correct amount which the claimant has received, and the proceeding must, therefore, be remitted to the Commission to determine that amount and to make the proper application thereof in favor of the employer.

The award should, therefore, be reversed and the matter remitted to the Commission.

All concur, KILEY, J., with separate opinion.

KILEY, J. (concurring):

On May 7, 1918, Leonardo Solomone was at work for the Degnon Contracting Company, appellant, as a laborer. Appellant was a contracting company. While the · said Solomone was at work and in the regular course of his employment, on said 7th day of May, 1918, he was struck by an automobile owned and driven by a third party. He was severely injured. The report made by the employer as to the kind and extent of the injuries seems to be sustained by the evidence and is, briefly, as follows: " At the time of the accident he suffered and received injuries consisting of fracture of the base of the spine that paralyzed his lower limbs and also caused incontinence of urine." The employer had notice of the injury. While there is some conflict of evidence as to rate of daily wage, there was overtime and Sunday work, so that the actual wage rate was reached and does not seem to be questioned. On September 23, 1918, the injured employee ·

filed with the Commission a notice of election to sue, the part of which necessary to consideration here reads as follows: " Please take notice that * * * I elect under the provisions of section 29 of the Workmen's Compensation Act to pursue my remedy against a third party not in the same employ, to wit: Against Harry Sager of Chrome, N. Y., and I hereby make claim to compensation for any deficiency between the amount I may recover in said action and the compensation provided by the Workmen's Compensation Law to which I may be entitled, and in the event that I do not recover any-. thing by said action, I hereby claim the compensation to which I am entitled under said law due to the above mentioned accident, which arose out of and in the course of my employment," etc.    Solomone brought the action as above indicated and succeeded.    His recovery, damages and costs, amounted to $30,101.81.    He compromised with the defendant and his, defendant's, insurance company, and settled the judgment for $7,500 and satisfied and discharged said judgment of record. In January, 1919, he was operated for incontinence of urine and during the course of the operation he contracted pneumonia and died January 22, 1919.    Thereafter and on February 18, 1919, the claimant herein, Angelina Solomone, widow, made claim to the State Industrial Commission for compensation on account of the injury and death of her husband, Leonardo Solomone, for herself and for his two stepchildren and his own child, all under the age of eighteen years.    It was admitted upon the several hearings had that decedent's death was the result of the accident.    The award appealed from allows the claimant $6.924 and the three children $2.308, each, weekly. Two questions are presented on this appeal: *First,* did the compromise and satisfaction of judgment cut off the rights of claimant and children to seek compensation under the Workmen's Compensation Law? and, *second,* if not, should the whole amount paid by the defendant Sager and his insurance company be deducted from the compensation so allowed?    The first contention of the appellant is based upon what it urges should be the proper interpretation and construction of section 29 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705), which section reads as follows: " If an employee entitled to compensation under this chapter be injured or killed by the

negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, shall, before any suit or any award under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such elections shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If such injured employee, or in case of death, his dependents, elect to take compensation under this chapter, *the awarding of compensation shall operate as an assignment of the cause of action against such. other to the State for the benefit of the State insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation,* and if he elect to proceed against such other, the State insurance fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the *recovery* against such other person *actually collected,* and the compensation provided or estimated by this chapter for such case. Such a cause of action assigned to the State may be prosecuted or compromised by the Commission. *A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the Commission,* if the deficiency of compensation would be payable from the State insurance fund, and otherwise with the *written approval of the person, association, corporation, or insurance carrier* liable to pay the same. Wherever an employee is killed by the negligence or wrong of another not in the same employ and the dependents of such employee entitled to compensation under this chapter are minors, such election to take compensation and the assignment of the cause of action against such other and such notice of election to pursue a remedy against such other shall be made by such minor, or shall be made on behalf of such minor by a parent of such minor, or by his or her duly appointed guardian, as the Commission may determine by rule in each case." The deceased, in his lifetime, filed with the Commission his election to bring suit against the third party. By reference to section 29 above quoted it will be seen that " the awarding of compensation shall operate as an assignment of the cause of action, "

etc. Notwithstanding this provision, appellant contends that the compromise, settlement and satisfaction of the judgment destroys any right of the claimant and the children to compensation thereafter as their rights are derivative from the cause of action for which the injured husband and father received compensation and which was evidenced by the $30,000 judgment he obtained against the third party, and which he destroyed by satisfaction of the same. As sustaining its position reliance is had upon cases decided under chapter 450 of the Laws of 1847, later amended and now codified and embodied in section 1902 *et seq.* of the Code of Civil Procedure, in that a double penalty is not permitted in that law and, by analogy, is not authorized under the Workmen's Compensation Law. One of the earlier cases cited by appellant (*Littlewood* v. *Mayor, etc.,* 89 N. Y. 24), holds, under the circumstances of that case, in accordance with appellant's contention, in so far as it was held that action for personal injury, prosecuted by him in his lifetime, ended when life ended, under the law of 1847, *supra.* In May, 1918, the whole subject of the force and effect of the act of 1847 and subsequent amendments and sections 1902, 1904 *et seq.* of the Code of Civil Procedure was taken up and ably considered in *Ishie* v. *Norton Co.* (183 App. Div. 94). In the view here taken of this question, none of these authorities apply, and do not avail the appellant; they all have some fact established which depend upon some statute for its virtue and depend upon facts of that particular case for its operation. I do not concur in the opinion incorporated in the findings of the State Industrial Commission where it is held that claimant's rights are " not derivative but primary and original." The right to make the claim is original and in addition to any and all other rights heretofore conferred by law upon a claimant similarly situated; but the right is based upon a claim validly running in favor of her husband in his lifetime, and the injury suffered before he died, which if he had not died would have entitled him to compensation under this statute, and by this statute a right founded upon the injury was preserved to his dependents to the extent of a full compensation as against a third party or a third party and the insurance carrier. In *Michigan Central R. R.* v. *Vreeland* (227 U. S. 59) the court,

speaking of a compensation statute,* quoted from the opinion of Lord BLACKBURN in *Seward* v. *Vera Cruz* (10 App. Cas. 59) as follows: "A totally new action is given against the person who would have been responsible to the deceased if the deceased had lived; an action which * * * is new in its species, new in its quality, new in its principle, in every way new, and which can only be brought if there is any person answering the description of widow, parent or child, who under such circumstances suffers pecuniary loss." The court then proceeds: "But as the foundation of the right of action is the original wrongful injury to the decedent, it has been generally held that the new action is a right dependent upon the existence of a right in the decedent immediately before his death to have maintained an action for his wrongful injury." I think this fairly states the position of the claimants here concerned. We cannot, at this junction, dispose of this matter without further consideration of appellant's objections to the award. Section 29 of the Workmen's Compensation Law, following the portions already considered, lays down this rule: "A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the Commission, if the deficiency of compensation would be payable from the State insurance fund, and otherwise with the written approval of the person, association, corporation, or insuance carrier liable to pay the same." It is conceded, or at least proven without contradiction, that no such written approval was obtained or given. Appellant urges that this omission defeats the claim of the dependents, and further that the satisfaction of the judgment prevents subrogation of any claim or remedy against the third party to the appellant, who is a self-insurer. Take the first proposition under this last head first. The statute was not enacted as a prohibition to the injured person only; when it says no compromise shall be effected, only with written approval, etc., it speaks generally and binds and is applicable to all parties to the compromise, the same as the statute against usury or any other general prohibitory statute; when the third party effected the com-

---

* See 35 U. S. Stat. at Large, 65, chap. 149; 9 & 10 Vict. chap. 93.— [REP.

promise he is held, under this statute, to know it would have no validity so far as preventing subrogation of the claim or remedy against him passing to the person or carrier who was finally liable to pay any amount greater than he paid for his wrongful injury of claimant's husband. The holding here is that subrogation took effect as a matter of law when such compromise was made. This brings us to the last question, with what amount shall claimants be charged for moneys already paid by the third party? Section 29 provides that the amount to be paid by the insurance carrier shall be " the deficiency, if any, between the amount of the *recovery* against such other person *actually collected*, and the compensation provided or estimated by this chapter for such case." There are several definitions in the different dictionaries of the word " recovery;" and it has judicial definition in *Keiny* v. *Ingraham* (66 Barb. 250). However, the word " recovery " is modified by the subsequent words " actually collected; " it will be assumed that these words mean the idea they plainly are intended to convey, viz., the amount actually received by the injured party, in this case the claimant's husband, and such amount was $7,500; otherwise the third party would, assuming he is or becomes financially responsible, be compelled to pay $3,750 twice, not as compensation, but as an extravagant fee to lawyers, under an arrangement to which he was not a party and over which he had no control. It would be a double penalty, which is not provided for in the statute which creates his liability in this case. Penalties are of statutory creation. While the third party is held to the rigor of this statute, he cannot be deprived of any benefits that flow from his connection with or relation to it.

The award should be reversed and remitted to the Commission to be corrected as herein indicated, viz., by crediting $7,500 on the compensation allowable under this claim.

Award reversed and matter remitted to the Commission.