In the Matter of the Claim of ROSE MAURIN, Respondent, against HENRY BAUMGARD, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 15, 1934.

*Charles Miller*, for the appellants.

*John J. Bennett, Jr., Attorney-General [John R. O'Hanlon, Assistant Attorney-General,* of counsel], for the respondents.

HEFFERNAN, J. On September 25, 1930, Andrew Maurin was employed as a cabinet maker by Henry Baumgard, Inc., and while engaged in the regular course of his employment he came to his death by falling into an elevator shaft. He left surviving a widow and four minor children. The next of kin, pursuant to the provisions of section 29 of the Workmen's Compensation Law, filed a notice of election to sue Hegeman Harris Co., Inc., a third party, on the theory that it was responsible for the injury and death. Thereafter the widow, as the administratrix of her husband's estate, instituted such an action in the Supreme Court. By order of that court Central Cement Finishing Co., Inc., and deceased's employer were made defendants in that action.

The employer, in compliance with section 50 of the Workmen's Compensation Law, had secured compensation to his employees by a policy of insurance issued by appellant Lumber Mutual Casualty Insurance Company.

By written stipulation, executed by the parties thereto, including appellant, the insurance carrier, the action in question was settled before trial for the sum of $5,500. That stipulation contained, among other provisions, the following:

" *Third.* The Lumber Mutual Casualty Insurance Company on its own behalf and on behalf of the defendant Henry Baumgard, Inc., does hereby agree to this settlement in every respect in conformity with the provision of the Workmen's Compensation Law of the State of New York, and does hereby expressly consent that it will pay the full compensation allowed by law herein in the manner provided by law, less the sum of Thirty-two hundred and fifty ($3250.00) dollars, out of the aforesaid settlement of Fifty-five hundred ($5500.00) dollars, permitting the plaintiff to retain for herself and her attorney the residue of Twenty-two hundred and fifty ($2250.00) dollars without any claim thereto, and without charging the same in any way whatsoever toward the compensation payable to the plaintiff and her children in this case, except as aforesaid, with respect to the aforementioned Thirty-two hundred and fifty ($3250.00) dollars."

When the action was adjusted but two of the surviving children were under the age of eighteen years. After the settlement of the action the widow and the two dependent children applied to the State Industrial Board for deficiency compensation.

The question which this appeal presents is what sum of money should be credited to appellants by reason of the settlement of the third party action. A cause of action for injuries resulting in death, prosecuted by an administrator against some one other than the employer, is for the benefit, not of dependents as defined by the Workmen's Compensation Law, but of next of kin as defined by sections 133 and 134 of the Decedent Estate Law. (*Matter of Zirpola* v. *Casselman, Inc.,* 237 N. Y. 367.) In this case the widow and all the children were entitled to share in the proceeds of the settlement as decedent's next of kin.

By section 29 of the Workmen's Compensation Law appellants are only liable for any deficiency " between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case."

In the case before us the State Industrial Board, instead of crediting appellants with the sum of $3,250, as provided by the stipulation, made an award giving credit for only $2,166.67. Apparently the Board treated the settlement as one for $3,250, and not $5,500, and computed the credit to appellants on that basis. The Board arrived at its figures by allowing appellants the sum of $1,083.33 in connection with the compensation due the widow and by the

allowance of a like sum due the two dependent children. This procedure is not only clearly erroneous but is in direct contravention of the written agreement which leaves no room for doubt as to the intention of the parties in making the settlement as to the credit to be allowed appellants.

If there had been no agreement between the parties as to the allocation of the $5,500 obtained in settlement of the third party action, appellants would be entitled to a credit of $3,662.17. That figure is arrived at by crediting appellants with one-third of $5,500, or $1,833.33, in connection with the compensation due the widow and by crediting one-sixth of the total amount, or $916.50, in connection with the amount due each of the two dependent children. If the third party action had been tried and resulted in a verdict of $5,500 for the administratrix, the same result would be obtained. Likewise, if appellants had merely consented to the settlement of the action without conditions, they would be entitled to a like credit. (*Solomone* v. *Degnon Contracting Co.*, 194 App. Div. 50; *Kabel* v. *Lane Engineering Co.*, 196 id. 669; *Matter of Zirpola* v. *Casselman, Inc., supra.*) By virtue of the agreement appellants received credit for $3,250, when in fact they were entitled to a credit of $3,662.17 if no agreement had been made.

The award made in this case cannot be justified by any logical process of reasoning. It should be reversed, with costs to appellants against the State Industrial Board, and the matter remitted to make a determination in accordance with these views.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board, to make a determination in accordance with opinion.