MASON v. MICHIGAN TRADING CORP.

1. WORKMEN'S COMPENSATION—WIDOW'S CLAIM FOR BENEFITS—
DEATH OF EMPLOYEE.

   A widow's original and independent claim for death benefits
   under the workmen's compensation act cannot exist until her
   husband's death (2 Comp. Laws 1929, § 8423).

2. SAME—DEATH BENEFITS—STATUTES.

   The statute in effect at the time of an employee's death, rather
   than the statute in effect at the time of his injury, controls
   his widow's right to death benefits (2 Comp. Laws 1929,
   § 8424, as amended by Act No. 130, Pub. Acts 1935).

3. SAME—DEATH BENEFITS—LAST SICKNESS—FUNERAL EXPENSES—
STATUTES.

   ' In widow's proceeding to recover death benefits under the work-
   men's compensation act, where it appears her husband was
   injured in 1934, at which time the amount payable for reason-
   able expense of last sickness and burying was limited to $200,
   and that he died in 1942, when amount for burying was
   limited to such sum and amount allowable for last sickness
   was in addition thereto, department properly awarded widow
   medical fees of $284.55 for last illness in addition to funeral
   expense of $200 (2 Comp. Laws 1929, § 8424, as amended by
   Act No. 130, Pub. Acts 1935).

Appeal from Department of Labor and Industry.
Submitted April 5, 1944. (Docket No. 20, Calendar
No. 42,397.) Decided May 17, 1944.

(John) Eva Mason, widow of Charles F. Mason,
presented her claim for death benefits against
Michigan Trading Corporation, employer, and State

Accident Fund, insurer. Award to plaintiff. Defendants appeal. Affirmed.

*Berger, Manason & Kayes* (*Harry Okrent,* of counsel), for plaintiff.

*Harry F. Briggs* (*Henry A. Compeau* and *Roy Andrus,* of counsel), for defendant.

BUSHNELL, J.    Charles F. Mason, now deceased, suffered a compensable injury in 1934, while in the employ of defendant Michigan Trading Corporation, and was paid compensation at the rate of $10 per week for one week. Claiming a subsequent loss of industrial vision arising out of the injury, he filed a petition for further compensation on May 31, 1939, and was awarded $10 per week for total disability from March 15, 1936, until further order. On review, the department entered an order on May 13, 1940, modifying this award by allowing $10 a week from August 15, 1935, for 100 weeks, for the specific loss of a left eye and, after the expiration of the 100 weeks, compensation for total disability at the rate of $10 a week until further order. The department found that Mason had lost the sight of his second eye in November, 1936, which rendered him totally blind. No appeal was taken from this order.

Mason died on May 11, 1942, and his widow, Eva Mason, the plaintiff herein, filed the claim now in question. She was awarded medical fees of $284.55 for the reasonable expenses of decedent's last illness, and in addition funeral expenses of $200.

We allowed appeal to determine defendant's contention that the award should be vacated on the ground that it should have been limited to sickness and burial expenses not to exceed $200 and then only if incurred within not more than 300 weeks following the accident.

At the time of the accident the statutes (2 Comp. Laws 1929, § 8420 [Stat. Ann. § 17.154], and § 8424, read respectively:

"Sec. 4. During the first ninety days after the injury the employer shall furnish, or cause to be furnished, reasonable medical, surgical and hospital services and medicines when they are needed."

"Sec. 8. If death results from the injury the employer shall pay, or cause to be paid as hereinafter provided, in addition to the indemnity paid to dependents, the reasonable expense of his last sickness and burying, which shall not exceed two hundred dollars, in addition to any sum the employer may be required to pay under the provisions of section four of part two of this act."

Section 8420 has not since been amended.

At the time of Mason's death, May 11, 1942, that portion of section 8424, as amended by Act No. 130, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 8424, Stat. Ann. § 17.158), applicable to the facts in the instant case read:

"If death results from the injury the employer shall pay, or cause to be paid as hereinafter provided, in addition to the indemnity paid to dependents, the reasonable expense of his last sickness and burying. The cost of burying shall not exceed two hundred dollars, in addition to any sum the employer may be required to pay under the provisions of section four of part two of this act."

It should be noted that section 8424 neither before nor after its amendment contained any limitation of time for the payment of expenses of the employee's last sickness and burying.

No claim has been made for compensation to Mason's dependents as such and the 300-week rule discussed in *Wolanin* v. *Chrysler Corp.*, 304 Mich. 164, is not involved.

The controlling question is whether the law as it existed at the time of the injury in 1934 or the law as it existed at the time of the death in 1942 should be applied. The former limited the reasonable expenses to a total award of $200 and the later limited only the amount allowed for burying, both, however, to be in addition to the expense incurred during the first 90 days after the injury.

Plaintiff's original and independent claim for death benefits could not exist until her husband's death. 2 Comp. Laws 1929, § 8423 (Stat. Ann. § 17.157), *Wolanin* v. *Chrysler Corp.*, 304 Mich. 164, and authorities cited therein. Her right of action did not accrue until 1942, and the statute as it existed at the time of Mason's death, when this right of action accrued, controls.

The court said in *Donoho* v. *Atlantic Basin Iron Works,* 210 App. Div. 535 (206 N. Y. Supp. 494) (see 82 A. L. R. 1248 [note]):

"Although funeral benefits are included in the term 'compensation' * * * they are death benefits. * * * The right to them does not exist till the death of the injured employee, on which event the right springs into existence as an original independent right. *Solomone* v. *Degnon Contracting Co.* (1920), 194 App. Div. 50 (184 N. Y. Supp. 735). * * * Not until the death of the injured employee did the rights of the parties become fixed. The law which must control the compensation to be paid is that which was in effect at the time the right to the compensation springs into existence."

The award is affirmed, with costs to appellee.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.