ALLEN v. KALAMAZOO PARAFFINE CO.

1. WORKMEN'S COMPENSATION—ELECTION TO COME UNDER ACT—AMENDMENTS.

In electing to subject himself to the workmen's compensation act, an employer elects to accept the benefits of the act as it then stands as well as such amendments thereto as the legislature might deem proper to make.

2. SAME—INJURY TO EYE—LOSS OF VISION—AMENDMENT OF ACT.

An employee whose eye was injured but who did not lose the industrial vision thereof until about 14 months later was entitled to compensation for specific loss of eye as provided by the workmen's compensation act as it stood amended when the loss of vision occurred rather than as the act stood at the date of injury (2 Comp. Laws 1929, § 8426, as amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted October 9, 1945. (Docket No. 34, Calendar No. 43,100.) Decided December 3, 1945.

James Hiram Allen presented his claim against Kalamazoo Paraffine Company, employer, and State Accident Fund, insurer, for compensation for loss of eye sustained while in its employ. Award to plaintiff. Defendant appeals. Affirmed.

*Howard, Howard & Howard,* for plaintiff.

*Harry F. Briggs (Roy Andrus,* of counsel), for defendants.

SHARPE, J. Defendants appeal from an award of the department of labor and industry, granting plaintiff compensation for the loss of vision in his right eye, at the rate of $21 per week for 150 weeks, beginning September 27, 1944.

The facts are not in dispute. Plaintiff, James Hiram Allen, was injured on July 21, 1943, while in the employ of the Kalamazoo Paraffine Company, when a splinter from a nail or metal from a hoop entered his right eye while he was heading barrels. The parties stipulated that plaintiff lost industrial vision of the eye on September 27, 1944. It appears that under the statute in effect on July 21, 1943, 2 Comp. Laws 1929, § 8426 (Stat. Ann. § 17.160), compensation for such specific loss was $18 per week for 100 weeks, while on September 27, 1944, under the above statute as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 8426, Stat. Ann. 1944 Cum. Supp. § 17.160), compensation payable for such loss was $21 per week for 150 weeks.

Defendants offered to pay compensation for the lesser amount and urge on appeal that the right to compensation arises from the contractual relation between the employer and employee; and that the compensation act in force at the time the contractual relations were entered into governs the substantive rights and obligations of the parties.

We are not in accord with this theory.  Defendant company elected to accept the benefit of the act providing for workmen's compensation as well as such amendments to the act as the legislature might deem proper to make.  See *Cooley* v. *Boice Brothers,* 245 Mich. 325.  In *Henderson* v. *Consumers Power Co.,* 301 Mich. 564, we held that the cause of action for the loss of an eye accrued when the loss occurred and not necessarily from the date of injury to the eye.  See, also, *Mason* v. *Michigan Trading Corp.,* 308 Mich. 702.  Under the authority of the above cases, plaintiff's loss of industrial vision having occurred on September 27, 1944, he is entitled to an award of compensation for the specific loss of his eye at the rate of $21 per week for a period of 150 weeks.

The award of the department of labor and industry is affirmed, with costs to plaintiff.

STARR, C. J., and NORTH, CARR, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.