## WALLIN v. GENERAL MOTORS CORPORATION.

1. WORKMEN'S COMPENSATION — DEATH BENEFITS — DEPENDENCY COMPENSATION—DATE OF DISABILITY.

   While the right of action for death benefits under the workmen's compensation act accrues at the date of death of the employee, the right of action for dependency compensation because of death arises at the date of disability, at which time the right to the compensation springs into existence.

2. SAME—EYE INJURY—DEATH—AMENDMENT INCREASING BENEFITS TO DEPENDENTS.

   Where employee suffered an eye injury before effective date of amendatory statute increasing benefits to dependents but died as a result thereof after such effective date, dependents were entitled to workmen's compensation in accordance with the law as it stood when the injury occurred (2 Comp. Laws 1929, §§ 8421, 8423, as amended by Act No. 245, Pub. Acts 1943).

3. COSTS—PUBLIC QUESTION.

   No costs are allowed on appeal from order of department of labor and industry where matter involved is one of public interest.

Appeal from Department of Labor and Industry. Submitted January 9, 1947. (Docket No. 50, Calendar No. 43,570.) Decided April 17, 1947.

Gladys M. Wallin and others, widow and minor dependents of Norton Wallin, deceased, presented their claim against General Motors Corporation, Yellow Truck & Coach Manufacturing Company, employer, for compensation for death of husband and father. Award to plaintiffs under statute in force at time of death. Defendant appeals. Re-

versed and remanded for entry of award under statute in force at time of injury.

*George A. Sutton, (Floyd T. Schermerhorn,* of counsel), for plaintiffs.

*Henry M. Hogan (E. H. Reynolds, G. W. Gloster* and *R. V. Hackett,* of counsel), for defendant.

REID, J.   Upon leave granted defendant took an appeal in the nature of certiorari from an award by the department of labor and industry awarding plaintiffs $23 per week for 400 weeks as dependency compensation on account of the death of Norton Wallin, which award was made under the statute in effect at the date of decedent's death, February 18, 1944.   Appellant claims the compensation should have been awarded under the statute in effect at the date of decedent's injury, July 17, 1943.

Decedent Norton Wallin was an employee of Yellow Truck & Coach Manufacturing Co.   (division of defendant General Motors Corporation) on July 17, 1943 and while working in the company's plant in Pontiac, a piece of metal in or from a fellow workman's hand accidentally struck deceased's left eye and injured it, from which injury it became necessary to remove the eye.   The operation and removal, January 11, 1944, brought about a cerebral hemorrhage causing decedent's death on February 18, 1944.

The defendant does not contest the finding of the causation of the death by the accident, but claims that the law in effect on July 17, 1943 is applicable in determining the amount of dependency compensation in this case.   The plaintiffs are the widow of decedent and her two children by a prior marriage.   Their dependency is not questioned.

Decedent was injured before, and died after, the effective date (July 30, 1943) of Act No. 245, Pub. Acts 1943, amending 2 Comp. Laws 1929, §§ 8421, 8423 (See Comp. Laws Supp. 1945, §§ 8421, 8423, Stat. Ann. 1946 Cum. Supp. §§ 17.155, 17.157, also Stat. Ann. §§ 17.155, 17.157).

In *Thomas* v. *Continental Motors Corp.*, 315 Mich. 27, the plaintiff, as in the instant case, relied upon the decisions in the cases of *Mason* v. *Michigan Trading Corp.*, 308 Mich. 702 and *Allen* v. *Kalamazoo Paraffine Co.*, 312 Mich. 575. In our decision in the *Thomas Case, supra,* both the matter of dependency benefits and death benefits were involved. So far as the dependency benefits are concerned, the situation in the *Thomas Case* is similar to the instant case. The decision in the *Thomas Case* differentiates between the factual situation in that case and the facts in the *Mason* and *Allen Cases* as follows, pp. 35, 36:

"Plaintiff relies on *Allen* v. *Kalamazoo Paraffine Co.*, 312 Mich. 575. However, the *Allen Case* does not refer either to dependency compensation after death, or to death benefits. It holds that the cause of action for the loss of an eye accrues when the loss occurs, *i.e.*, when the employee suffers loss of industrial vision, and that compensation for the disability is fixed by the statute in effect at the time the loss of industrial vision occurred. Plaintiff also relies on *Mason* v. *Michigan Trading Corp.*, 308 Mich. 702. This case dealt with a claim by the widow of a deceased employee for expenses of her husband's last illness and for $200 funeral expenses. No claim for dependency compensation was involved in the case. The court held that the widow's right of action *for death benefits,* namely, expenses of last sickness and funeral, did not accrue until the death of her husband, and therefore the statute in effect at the date of death controls."

In the *Thomas Case,* we held, p. 36,

"The instant case involves both dependency compensation and death benefits.  While the right of action for death benefits accrues at the date of death of the employee, the right of action for dependency compensation because of death arises at the date of disability at which time 'the right to the compensation springs into existence.' "

In that case we confirmed an award of dependency compensation in accordance with the statute in effect at the time the disability arose.

The award appealed from is reversed and the matter remanded to the department with instruction to enter an award in accordance with the statute in effect at the time of the injury, July 17, 1943.

No costs are awarded, a matter of public interest being involved.

CARR, C. J., and BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.  BUTZEL, J., did not sit.