IVEZAJ v FEDERAL MOGUL CORPORATION (ON REMAND)

Docket No. 130109. Submitted April 7, 1992, at Detroit. Decided September 30, 1992; approved for publication December 19, 1992, at 9:05 A.M. Leave to appeal sought.

Lula Ivezaj petitioned the Bureau of Workers' Disability Compensation on April 21, 1981, seeking reimbursement for nursing or attendant care services that she had furnished her husband after he received a work-related psychiatric disability, for which he was awarded weekly benefits commencing February 17, 1971. The husband's former employer, Federal Mogul Corporation, and its workers' compensation insurer, Liberty Mutual Insurance Company, contested the petition. A hearing referee denied the petition. The Workers' Compensation Appeal Board reversed and awarded her payment for the services provided since 1971. The defendants' application for leave to appeal was denied by the Court of Appeals on October 24, 1989. (Docket No. 119534). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 434 Mich 926 (1990).

On remand, the Court of Appeals *held:*

1. The doctrine of res judicata does not preclude the award in this case. The claim for nursing or attendant care services was filed by Lula Ivezaj in her own name, not as a subrogee of her husband. She stands in the position of any other health care provider with an original claim and is entitled to seek reimbursement, or payment for services rendered, either directly from the injured employee or from the employer.

2. The time limitation regarding the payment of nursing care benefits for the period before an application for benefits is filed, created when MCL 418.381; MSA 17.237(381) was amended by 1985 PA 103, effective July 30, 1985, does not apply retroactively.

3. The doctrine of laches does not apply in this case.

Affirmed.

REFERENCES

Am Jur 2d, Workers' Compensation §§ 439, 530-551.
See the ALR Index under Workers' Compensation.

1. Workers' Compensation — Health Care Providers — Actions
   — Reimbursement.

   A health care provider, including a wife who provides nursing or
   attendant care services to her injured husband, may seek
   reimbursement or payment for services rendered either directly
   from the injured employee who received the care or from the
   injured employee's employer by means of a petition properly
   filed; the claim of the health care provider is an original claim.

2. Workers' Compensation — Nursing Services — Reimbursement
   — Limitation of Actions.

   The time limitation provided by the Workers' Disability Compen-
   sation Act regarding the payment for nursing or attendant care
   services for the period before an application for benefits is filed,
   created when MCL 418.381; MSA 17.237(381) was amended by
   1985 PA 103, does not apply retroactively from July 30, 1985,
   the effective date of the act (MCL 418.381[3]; MSA 17.237[381]
   [3]).

*Goodman, Eden, Millender & Bedrosian* (by *Morton A. Eden*), for the plaintiff.

*LeVasseur, Leslie & Johnson, P.C.* (by *Richard B. Leslie*), for the defendants.

### ON REMAND

Before: Brennan, P.J., and MacKenzie and T. M. Burns,* JJ.

Per Curiam. On remand from the Supreme Court for consideration as on leave granted, see 434 Mich 926 (1990), defendants appeal from a determination of the Workers' Compensation Appeal Board that awarded plaintiff Lula Ivezaj payment for nursing or attendant care services she has provided since 1971 to her husband, Rok Ivezaj, a former employee of defendant Federal Mogul Corporation.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Rok Ivezaj has a work-related psychiatric disability. He first petitioned for workers' disability compensation benefits in 1969. He petitioned for further benefits in 1973. That petition ultimately led to a 1980 award of weekly benefits commencing February 17, 1971.

On April 21, 1981, plaintiff filed her petition for reimbursement for nursing or attendant care that she had furnished to her husband since he became disabled. A hearing referee denied the petition after finding that the services she rendered, while over and above the usual services of a wife, were not required. She appealed, and the appeal board reversed.

On appeal to this Court, defendants first contend that the doctrine of res judicata should have precluded the award of nursing care benefits because the issue of nursing care could have been litigated at the time of the previous proceedings regarding Rok Ivezaj. We disagree. Lula Ivezaj filed the claim for nursing benefits in her own name, and not as a subrogee of her husband. She therefore stands in the position of any other health care provider with an original claim. Such a provider is entitled to seek reimbursement, or payment for services rendered, either directly from the injured employee or from the employer, by means of a petition properly filed. *Aetna Life Ins Co v Roose,* 413 Mich 85; 318 NW2d 468 (1982); *Ptak v Pennwalt Corp,* 112 Mich App 490, 494; 316 NW2d 251 (1982).

Defendants contend that either the one-year-back rule or the two-year-back rule of MCL 418.381; MSA 17.237(381) should be applied retroactively to limit Lula Ivezaj's claim. Again, we disagree.

At the time of Rok Ivezaj's injury, the workers' compensation statutes did not provide a specific time limitation regarding the payment of nursing care benefits for the period before the application

for benefits. See *Filion v Art Himbault Trucking Co,* 103 Mich App 471, 476-477; 302 NW2d 892 (1981). A limitation was created by 1985 PA 103, which added the following subsection to § 381:

> (3) Payment for nursing or attendant care shall not be made for any period which is more than 1 year before the date an application for a hearing is filed with the bureau.

The amendment's effective date was July 30, 1985.

The long-standing rule in workers' compensation cases requires application of the law in effect at the time of the relevant injury unless the Legislature clearly indicates a contrary intention. *Nicholson v Lansing Bd of Ed,* 423 Mich 89, 93; 377 NW2d 292 (1985). We find no clear indication by the Legislature that subsection 3 should apply retroactively. Furthermore, we decline to assert that subsection 3 must be applied retroactively as "remedial" legislation when it would divest Lula Ivezaj of her right to ten years of benefits—a right established with the filing of her petition and the introduction of sufficient proofs to establish the need for nursing services.

Defendants also assert that the doctrine of laches should bar Lula Ivezaj's claim. The argument is without merit. The doctrine of laches is equitable and applies only to equitable claims. Even if the doctrine of laches were applicable, it would apply in favor of Lula Ivezaj's claim because she rendered nursing care in presumed reliance on her statutory right of payment for services rendered. *Kushay v Sexton Dairy Co,* 394 Mich 69; 228 NW2d 205 (1975). To allow her to continue to render those services, and then to retroactively change her entitlement to payment, would so prejudice Lula Ivezaj as to preclude application of the

doctrine of laches. *Lothian v Detroit,* 414 Mich 160; 324 NW2d 9 (1982).

Affirmed.