SOKOLEK v GENERAL MOTORS CORPORATION (ON REMAND)

Docket No. 166408. Submitted May 5, 1994, at Lansing. Decided June
   21, 1994, at 9:05 A.M. Leave to appeal sought.
      Janet L. Sokolek sought and received an open award of Worker's
      Disability Compensation benefits for a 1980 back injury arising
      out of her employment with General Motors Corporation. In
      November 1985, the plaintiff sought payment of expenses for
      nursing or attendant care provided since February 1981 by her
      husband. The magistrate found that such care was required
      and ordered the defendant to pay nursing care benefits from
      February 1981. The Worker's Compensation Appeal Board,
      although modifying the amount of the weekly award of back
      benefits, otherwise affirmed the award and held that the award
      of back benefits should be paid from February 1981 because the
      one-year-back limitation of MCL 418.381(3); MSA 17.237(381)(3)
      was not applicable because it had not been in effect on the date
      of the injury. The defendant appealed, claiming that § 381(3)
      was applicable because it was in effect when the plaintiff
      petitioned for the nursing benefits in 1985. The Court of Ap-
      peals denied leave to appeal. The Supreme Court denied leave
      to appeal, 441 Mich 931 (1993), but, on reconsideration, vacated
      the prior order and remanded to the Court of Appeals for
      consideration of the question whether benefits for nursing or
      attendant care are awardable for services performed more than
      one year before the petition for benefits was filed. 442 Mich 924
      (1993).
         On remand, the Court of Appeals held:
         In the absence of a clear indication to the contrary by the
      Legislature, the law in effect on the date of a compensable
      injury is the law to be applied, unless an amendment of the
      statute is deemed to be remedial in nature. Inasmuch as the
      defendant did not raise the question whether the 1985 amend-
      ment adding the one-year-back limitation on benefits for nurs-
      ing and attendant care is remedial in nature, that limitation is
      not applicable in this case because it was not in effect at the
      time of the injury.
         Affirmed.

*Freid, Gallagher, Taylor & Associates, P.C.* (by *Debra A. Freid*), for the plaintiff.

*Munroe and Nobach, P.C.* (by *Cameron C. Mc-Comb*), for the defendant.

ON REMAND

Before: HOOD, P.J., and CAVANAGH and D. A. TEEPLE,* JJ.

PER CURIAM. Defendant seeks reversal of that part of the November 1, 1991, order of the Worker's Compensation Appeal Board that held that the one-year-back rule for nursing or attendant care does not apply to this case.

On June 3, 1980, plaintiff filed a petition for a hearing, alleging a work-related injury to her back that occurred on April 16, 1980. An open award of benefits beginning on May 8, 1980, plaintiff's last day of work, was entered by a hearing referee. Neither party appealed.

In January 1982, plaintiff filed a new petition, requesting a change in the weekly rate of compensation, reimbursement of medical expenses, and penalties. The hearing referee found that plaintiff's petition was barred by res judicata and denied her claim by order mailed on November 24, 1982. The WCAB affirmed in a decision dated April 14, 1983.

Plaintiff filed the petition at issue here on November 14, 1985, requesting payment of nursing care or attendant care expenses required as a result of the injuries sustained in April 1980. Plaintiff testified that beginning about ten months

---

* Circuit judge, sitting on the Court of Appeals by assignment.

after her injury, her condition severely deteriorated. Plaintiff testified that she now has tolerable days and bad days, which come in three-day cycles. She testified that on bad days she vomits frequently and has diarrhea at the same time. She is unable to take medication or eat and cannot go to the bathroom without assistance. She testified that on those days her husband, who provides the home care, never leaves her side. Plaintiff testified that by the third day of the cycle, she is able to eat and feed herself. However, she testified that even on her tolerable days, she has bowel movements four to six times a day, after which she requires extensive care by her husband. Plaintiff testified that her husband gives her baths and washes her hair, because she passes out when she lifts her hands over her head to rinse her hair or otherwise wash herself. She testified that her husband helps her move from room to room, because she has difficulty walking and orienting herself. Her husband performs all the work around the house, including meal preparation for the two of them.

In a decision mailed on December 7, 1987, a worker's compensation magistrate granted plaintiff's petition, finding that she had proven by a preponderance of the evidence that her husband provided reasonable and necessary home nursing care eight hours a day, seven days a week. The magistrate ordered defendant to pay nursing care benefits in the amount of $480 a week from February 16, 1981, until further order.

Defendant appealed, and, in a decision and order dated November 1, 1991, the WCAB affirmed with modification. The WCAB reduced the award of benefits to $262.50 a week from March 1, 1981, to November 4, 1987, with the benefits thereafter being in the amount specified by the magistrate. The WCAB found that the record demonstrated that

plaintiff's need for nursing care had increased with time.

In addition to finding that plaintiff had proven the need for nursing or attendant care, the WCAB rejected defendant's argument that plaintiff's claim was barred by res judicata or limited by the one-year-back rule of § 381(3), MCL 418.381(3), MSA 17.237(381)(3), which provides:

> Payment for nursing or attendant care shall not be made for any period which is more than 1 year before the date an application for hearing is filed with the bureau.

The WCAB held that § 381(3) applies only to injuries occurring on or after the effective date of the statute, July 30, 1985. Because plaintiff's original injury occurred in 1980, the WCAB held that § 381(3) is inapplicable.

This Court denied defendant's original application for leave to appeal. Although the Supreme Court initially denied defendant's application to that Court, on motion for reconsideration the Supreme Court remanded to this Court for consideration as on leave granted of defendant's claim that § 381(3) applies here.

In *Ivezaj v Federal Mogul Corp (On Remand)*, 197 Mich App 462, 465; 495 NW2d 800 (1992), this Court held:

> The long-standing rule in workers' compensation cases requires application of the law in effect at the time of the relevant injury unless the Legislature clearly indicates a contrary intention. *Nicholson v Lansing Bd of Ed*, 423 Mich 89, 93; 377 NW2d 292 (1985). We find no clear indication by the Legislature that [§ 381(3)] should apply retroactively. Furthermore, we decline to assert that subsection 3 must be applied retroactively as "re-

medial" legislation when it would divest [plaintiff] of her right to ten years of benefits—a right established with the filing of her petition and introduction of sufficient proofs to establish the need for nursing services.

Although defendant admits that the general rule is that the law in effect on the date an injury is received controls, defendant notes that plaintiff did not request nursing care benefits until she filed the supplemental petition in October, 1985, after the effective date of § 381(3). Defendant contends that the one-year limitation should apply and that plaintiff should not be entitled to benefits payable for any week before October 1984.

This issue of first impression did not arise in *Ivezaj,* because the petition for reimbursement of nursing or attendant care expenses in that case was filed well before the amendment took effect. We note, however, that *Ivezaj* cites *Nicholson* as authority for the general rule regarding application of the worker's compensation law in effect the date of injury. *Nicholson* in turn cites *Wallin v General Motors Corp,* 317 Mich 650, 652-653; 27 NW2d 122 (1947), and *Wallin* quotes with approval the following passages from *Thomas v Continental Motors Corp,* 315 Mich 27, 35-36; 23 NW2d 191 (1946):

"[P]laintiff relies on *Allen v Kalamazoo Paraffine Co,* 312 Mich 575 [20 NW2d 731 (1945)]. However, the *Allen* case does not refer either to dependency compensation after death, or to death benefits. It holds that the cause of action for the loss of an eye accrues when the loss occurs, *i.e.,* when the employee suffers loss of industrial vision, and that compensation for the disability is fixed by the statute in effect at the time the loss of industrial vision occurred. Plaintiff also relies on *Mason v Michigan Trading Corp,* 308 Mich 702 [14 NW2d

545 (1944)]. This case dealt with a claim by the widow of a deceased employee for expenses of her husband's last illness and for $200 funeral expenses. No claim for dependency compensation was involved in the case. The court held that the widow's right of action *for death benefits,* namely, expenses of last sickness and funeral, did not accrue until the death of her husband, and therefore the statue in effect at the date of death controls.

" . . . The instant case involves both dependency compensation and death benefits. While the right of action for death benefits accrues at the date of death of the employee, the right of action for dependency compensation because of death arises at the date of disability, at which time 'the right to the compensation springs into existence.' "

In this case, the WCAB affirmed the magistrate's finding that plaintiff had proved by a preponderance of the evidence that her husband provided reasonable and necessary home nursing care for her since 1981. We hold that, by analogy with *Thomas,* the statute in effect at the time plaintiff's claim for nursing benefits accrued applies. Because plaintiff's claim for such benefits accrued in 1981, before the addition of the one-year-back rule, the WCAB did not err in refusing to limit the award of nursing care benefits.

We note that in *Riza v Delray Baking Co,* 200 Mich App 169, 176-177, 177, n 1; 504 NW2d 193 (1993), a panel of this Court questioned the holding in *Ivezaj* that the one-year-back rule in § 381(3) is not remedial and should not be applied retroactively. Because the issue whether § 381(3) should be applied retroactively because it is remedial was not raised by defendant either before this Court or before the WCAB, that issue has not been preserved for appellate consideration and must be considered waived. *Achtenberg v East Lansing,* 421 Mich 765,

773; 364 NW2d 277 (1985); *Wiand v Wiand,* 178 Mich App 137, 150; 443 NW2d 464 (1989).