TURRENTINE v GENERAL MOTORS CORPORATION

Docket No. 130219. Submitted June 17, 1992, at Lansing. Decided March 2, 1993, at 9:40 A.M. Leave to appeal sought.

Donald W. Turrentine was awarded workers' compensation for a continuing disability arising out of an electrical shock he suffered on January 6, 1987, while working for General Motors Corporation. The Workers' Compensation Appellate Commission affirmed, determining that the plaintiff had incurred a disability under § 301(4) of the Workers' Disability Compensation Act, as amended by 1986 PA 313, which defines "disability" as a limitation in wage-earning capacity in the general field of employment. The commission further determined that the plaintiff had incurred a disability under § 301(4), as amended by 1987 PA 28, effective May 14, 1987, which defines "disability" as a limitation in wage-earning capacity in work suitable to the worker's qualifications and training. The defendant appealed by leave granted, claiming that the commission erred as a matter of law in concluding that the definition provided by 1986 PA 313 applied in this case.

The Court of Appeals held:

1. As a general rule, the law in effect at the time of a personal injury is the law that controls in a workers' compensation case. The definition of disability that was in effect at the time of the plaintiff's injury was that provided by 1986 PA 313.

2. The definition of disability provided by 1987 PA 28 changed the law substantially by increasing a claimant's burden in proving loss of wage-earning capacity and should be applied prospectively only.

Affirmed.

WORKERS' COMPENSATION — DISABILITY.

A limitation in wage-earning capacity in work suitable to a worker's qualifications and training resulting from a personal injury or a work-related disease constitutes a disability for purposes of workers' compensation only where such injury or

REFERENCES

Am Jur 2d, Workers' Compensation § 32.

See ALR Index under Workers' Compensation.

disease occurs on or after May 14, 1987 (MCL 418.301[4]; MSA 17.237[301][4], as amended by 1987 PA 28).

*O'Connell, Roeser & Brennan* (by *Vicki L. Brennan*), for the plaintiff.

*Evans, Nelson, Pletkovic & Hays, P.C.* (by *Mary Anne MacKenzie* and *John J. Hays*), and *Jack F. Wheatley,* for the defendant.

Amici Curiae:

*Neal Bush,* for National Lawyers Guild.

*Glotta, Rawlings & Skutt, P.C.* (by *Richard M. Skutt*), for Michigan Injured Workers and Michigan Trial Lawyers Association.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *David J. Berge*), for Michigan Self-Insurers Association, Michigan Manufacturers Association, and Michigan Chamber of Commerce.

Before: SULLIVAN, P.J., and MACKENZIE and I. B. TORRES,* JJ.

PER CURIAM. Defendant appeals by leave granted from an opinion and order of the Workers' Compensation Appellate Commission that affirmed a magistrate's award of disability compensation benefits to plaintiff. We affirm.

Plaintiff was employed by defendant as a spray painter. On January 6, 1987, he suffered an electrical shock in his right hand and chest while spraying with an electrostatic spray gun. He developed myoclonus, an involuntary jerking, which left him unable to hold the spray gun. This claim for disability compensation benefits followed.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

The workers' compensation magistrate awarded plaintiff benefits for continuing disability from the electrical shock. The WCAC affirmed, holding that plaintiff was disabled under the definition of disability in effect at the time of his injury, the so-called "general field of employment" test derived from former MCL 418.301(4); MSA 17.237(301)(4). The WCAC further concluded that plaintiff was also disabled under the current definition of disability, added by 1987 PA 28, effective May 14, 1987, referred to as the "qualifications and training" definition. MCL 418.301(4); MSA 17.237(301)(4), as amended by 1987 PA 28.

The dispositive issue in this case is whether the WCAC erred as a matter of law in applying the preamendment "general field of employment" test to determine whether plaintiff's condition fell within the statutory definition of disability.

For years, the Workers' Disability Compensation Act did not define "disability." Courts therefore turned to the statutory definition of weekly wage loss and defined disability for personal injury coverage as a loss of wage-earning capacity in the entire field of unskilled common labor. *Kaarto v Calumet & Hecla, Inc,* 367 Mich 128; 116 NW2d 225 (1962); *Adair v Metropolitan Building Co,* 38 Mich App 393; 196 NW2d 335 (1972). See Welch, Workers' Compensation in Michigan, §§ 8.01 to 8.08.

No more specific definition of disability was included in the act until 1982, after the Legislature amended § 301(4) to define disability as "a limitation of an employee's wage earning capacity in the employee's general field of employment resulting from a personal injury or work related disease." Former MCL 418.301(4); MSA 17.237(301) (4). That definition was continued by 1985 PA 103

and 1986 PA 313. The following year, with the passage of Act 28, the Legislature changed the definition of disability to the current definition: "a limitation of an employee's wage earning capacity in work suitable to his or her qualifications and training resulting from a personal injury or work related disease."

Defendant argues that the "qualifications and training" definition added by Act 28 applies to plaintiff's January 6, 1987, personal injury, although Act 28 was not effective until May 14, 1987. 1985 PA 103, 1986 PA 313, and 1987 PA 28 each contain a subsection 12 that provides, "This section shall apply to personal injuries and work related diseases occurring on and after June 30, 1985." Defendant reasons that subsection 12 clearly expresses the Legislature's intention with respect to the effective date of the new definition of disability, and because plaintiff's injury occurred after that date, the WCAC erred in applying the pre-Act 28 definition. Plaintiff, on the other hand, argues that the Act 28 definition operates prospectively only, and that the law in effect at the time of plaintiff's injury—the "general field of employment" definition—controls. We agree with plaintiff and hold that the Act 28 definition of disability applies only to personal injuries occurring on or after May 14, 1987.

As a general rule, the law in effect at the time of a personal injury is the law that controls in a workers' compensation case. *Nicholson v Lansing Bd of Ed,* 423 Mich 89; 377 NW2d 292 (1985); *Tarnow v Railway Express Agency,* 331 Mich 558; 50 NW2d 318 (1951); *Gerlesits v Lakey Foundry & Machine Co,* 319 Mich 229; 29 NW2d 856 (1947). The definition of disability in effect at the time of plaintiff's personal injury was that in 1986 PA 313, which defined disability as a limitation on the

worker's wage-earning capacity in the general field of employment.

Moreover, it is well settled that workers' compensation legislation affecting substantial rights is prospective only. *White v General Motors Corp,* 431 Mich 387; 429 NW2d 576 (1988); *Selk v Detroit Plastic Products,* 419 Mich 1; 345 NW2d 184 (1984). The Supreme Court relied on that principle in *White* to hold that § 373 of the act, MCL 418.373; MSA 17.237(373), limiting retiree compensation claims, was a change in substantive law and applied prospectively only. Similarly, in *Hurd v Ford Motor Co,* 423 Mich 531; 377 NW2d 300 (1985), the Supreme Court held that § 301(2), MCL 418.301[2]; MSA 17.237(301)(2), which increased the burden of proof for mental disabilities and diseases of the aging process, was prospective because it worked a substantial change in the law. Likewise, the Act 28 definition of disability based on qualifications and training works a substantial change in substantive law because it increases a claimant's burden of proving loss of wage-earning capacity; it will no longer be sufficient for an employee to show some limitation on the ability to earn wages in the general field of common labor.

Finally, the fact that subsection 12 purports to apply the entire § 301 to personal injuries occurring on or after June 30, 1985, is not controlling. As the Supreme Court pointed out in *Selk* and *White,* "the mere insertion of an effective date, standing alone, is [not] dispositive of the prospective/retroactive effect" of legislation. *Selk v Detroit Plastic Products (On Resubmission),* 419 Mich 32, 35, n 2; 348 NW2d 652 (1984); *White, supra* at 398-399.

Our resolution of this issue makes it unnecessary to consider defendant's remaining claims on appeal.

Affirmed.