FRALEY v GENERAL MOTORS CORPORATION

Docket No. 128176. Submitted June 16, 1992, at Lansing. Decided April 6, 1993, at 9:40 A.M.

John Fraley sought workers' compensation benefits from General Motors Corporation, alleging a work-related high-frequency hearing loss. A magistrate found that, although he had sustained a hearing loss, he failed to prove a disability. The Workers' Compensation Appellate Commission reversed. The defendant appealed by leave granted.

The Court of Appeals held:

1. The commission did not exceed its authority in reversing the magistrate's determination. The commission did not reverse the magistrate's findings of fact; it adopted the finding of work-related hearing loss and reversed the magistrate's legal conclusion that the plaintiff was not disabled.

2. The plaintiff's loss of high-frequency hearing limits his wage-earning capacity not only in the general field of his employment but also in work suitable to his qualifications and training. Because of the hearing loss and the further hearing loss that would result if he was again exposed to the loud noises of his workplace, he has suffered a limitation of his wage-earning capacity in work suitable to his qualifications and training.

3. The new statutory definition of disability enacted in 1987 PA 28 does not apply in this case because the injury was sustained before May 14, 1987. However, pursuant to either the old or the new definition of disability, the WCAC applied the facts as determined by the magistrate and properly determined that the plaintiff is disabled.

Affirmed.

*MacDonald, Fitzgerald & MacDonald, P.C.* (by *Timothy J. Simon*) (*Daryl Royal*, of Counsel), for the plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Bruce L. Dalrymple* and *Scott C. Strattard*), for the defendant.

Amici Curiae:

*Neal Bush,* for National Lawyers Guild.

*Glotta, Rawlings & Skutt, P.C.* (by *Richard M. Skutt*), for Michigan Trial Lawyers Association and Michigan Injured Workers.

Before: SULLIVAN, P.J., and MACKENZIE and I. B. TORRES,* JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the Workers' Compensation Appellate Commission reversing a magistrate's finding that plaintiff failed to prove a disability. Plaintiff was a press operator during a part of his employment with defendant. On April 21, 1986, plaintiff was laid off. He was called back to work on July 14, 1986. A reemployment physical examination indicated that plaintiff suffered a work-related high-frequency hearing loss. Plaintiff's personal physician restricted him from working around loud machinery. Plaintiff then consulted with an ear specialist, who confirmed plaintiff's high-frequency hearing loss. The specialist testified that the hearing loss would not interfere with plaintiff's ability to work or to hear and understand speech. Defendant did not rehire plaintiff as a press operator because of the hearing loss. Plaintiff remained off work until April 21, 1987, when he was rehired as an assembler, and he was again laid off on June 1, 1987.

At the hearing, plaintiff testified that he would return to work if offered employment, even though he would risk further hearing loss, because he needed employment.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Defendant argues that the WCAC exceeded its authority in reversing the magistrate's determination that no disability existed, which was based on the ear specialist's testimony that the hearing loss would not interfere with plaintiff's ability to function at work and plaintiff's own testimony regarding his ability to return to his job as a press operator.

Section 861a(3) of the Workers' Disability Compensation Act (WDCA), MCL 418.861a(3); MSA 17.237(861a)(3), provides that findings of fact by a workers' compensation magistrate are to be considered conclusive by the commission if supported by competent, material, and substantial evidence on the whole record. However, a magistrate's findings of law are not similarly conclusive. In *Deziel v Difco Laboratories, Inc,* 394 Mich 466, 475; 232 NW2d 146 (1975), the Court distinguished legal and factual issues as follows:

> What is always at issue in these cases is a "jural relation"—a right to compensation in the claimant, and a liability for it in the defendant. . . .
> This means simply that in determining any jural relationship, the facts upon which such relationship is to be predicated are "ordinary facts" and the jural relationship itself (which in a very real sense is also a fact) is deemed a "holding," "ruling," or "conclusion" of law.
> It is to the former, the facts upon which the jural relationship is based—"ordinary facts"—that the constitution addresses itself, and not the latter —which are called legal principles.

See *Higgins v Monroe Evening News,* 404 Mich 1, 18-19; 272 NW2d 537 (1978); *Barr v Stroh Brewery,* 189 Mich App 549, 551-552; 473 NW2d 716 (1991).

In the present case, the WCAC did not reverse the magistrate's findings of fact, it reversed the

magistrate's conclusion of law. In fact, the WCAC explicitly adopted the magistrate's finding of work-related hearing loss. It simply reversed the magistrate's legal conclusion that, pursuant to the established facts and under the applicable law, plaintiff was not disabled.

Defendant next asserts that plaintiff's claim of compensable disability cannot satisfy the new, more restrictive, statutory definition of disability enacted in 1987 PA 28, MCL 418.301(4); MSA 17.237(301)(4) and MCL 418.401(1); MSA 17.237(401)(1). Defendant raises a nonissue. Plaintiff's date of injury was April 21, 1986. The new definition of disability enacted in 1987 PA 28 does not apply to injuries sustained before May 14, 1987. *Turrentine v General Motors Corp,* 198 Mich App 572; 499 NW2d 411 (1993).

Defendant next asserts that if the new definition of disability were to apply, plaintiff would not be entitled to benefits because he failed to prove by a preponderance of the evidence the requisite limitation of wage-earning capacity in work suitable to his qualifications and training. Although, technically, it is not necessary for us to address this argument, we nevertheless consider the issue given the lack of precedent regarding the question.

Appellate review of the decisions of the appellate commission is governed by MCL 418.861a(14); MSA 17.237(861a)(14), which provides:

> The findings of fact made by the commission acting within its powers, in the absence of fraud, shall be conclusive. The court of appeals and the supreme court shall have the power to review questions of law involved with any final order of the commission, if application is made by the aggrieved party within 30 days after the order by any method permissible under the Michigan court rules.

Const 1963, art 6, § 28 provides that "[f]indings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law." In *Holden v Ford Motor Co*, 439 Mich 257, 269; 484 NW2d 227 (1992), the Supreme Court indicated that courts should rarely interfere with a factual finding of the WCAC:

> If it appears on judicial appellate review that the WCAC carefully examined the record, was duly cognizant of the deference to be given to the decision of the magistrate, did not "misapprehend or grossly misapply" the substantial evidence standard, and gave an adequate reason grounded in the record for reversing the magistrate, the judicial tendency should be to deny leave to appeal or, if it is granted, to affirm, in recognition that the Legislature provided for administrative appellate review by the seven-member WCAC of decisions of thirty magistrates, and bestowed on the WCAC final fact-finding responsibility subject to constitutionally limited judicial review.

The new definition in the WDCA, §§ 301(4) and 401(1), states that a disability is a "limitation of an employee's wage earning capacity in work suitable to his or her qualifications and training resulting from a personal injury or work related disease." In the present case, the WCAC applied the definition of disability to the facts and held as a legal conclusion, as discussed above:

> The record establishes that working around loud noises was what plaintiff did for most of his tenure at defendant. It was, therefore, work suitable to his qualifications and training. It is no longer suitable. He thus has a limitation in his wage-earning capacity under any statutorily valid definition of disability. The work he can still do establishes some earning capacity. The fact of work that

he can no longer do safely establishes a limitation in wage-earning capacity.

Plaintiff's loss of high-frequency hearing limits his wage-earning capacity not only in the general field of his employment but also in work suitable to his qualifications and training. Because of his loss of high-frequency hearing and the further diminution of his hearing that would result from exposure to the loud noises of his workplace, plaintiff has suffered a limitation of his wage-earning capacity in work suitable to his qualifications and training.

From our review of the record, it appears that the WCAC carefully examined the record, deferred to and used the magistrate's factual determinations, properly applied the substantial-evidence standard, and gave adequate reasons grounded in the record for reversing the magistrate's legal conclusion. We find that pursuant to either the old or the new definition of disability, the WCAC correctly applied the facts of the present case as determined by the magistrate and properly concluded that plaintiff is disabled. For these reasons, we affirm the WCAC's holding that plaintiff has established his disability.

Affirmed.